# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CARRIAGE PLACE APARTMENTS | § | CIV. ACTION NO. 4:24-cv-992 |
| HOUSTON, LLC, TEXAS | § | |
| COMMERCIAL INSURANCE | § | |
| SPECIALISTS MGR LLC f/k/a | § | |
| TEXAS COMMERCIAL INSURANCE | § | |
| SPECIALISTS, INC., AND DAN | § | |
| KADERKA III | § | |
| | § | |
| *Defendants*. | § | |

---

**PLAINTIFF CENTURY SURETY COMPANY'S RESPONSE IN OPPOSITION TO
DEFENDANTS CARRIAGE PLACE APARTMENTS HOUSTON, LLC, TEXAS
COMMERCIAL INSURANCE SPECIALISTS MGR LLC f/k/a TEXAS
COMMERCIAL INSURANCE SPECIALISTS, INC. AND DAN KADERKA III'S
MOTION TO DISMISS CENTURY'S AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6)**

---

**ROBERT J. WITMEYER**
Texas State Bar No. 24091174
Southern District No. 2600115
*rwitmeyer@mayerllp.com*
**SUMMER L. FREDERICK**
State Bar No. 24067764
Southern District No. 1047012
*sfrederick@mayerllp.com*

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopy: (214) 379-6939

**ATTORNEYS FOR PLAINTIFF,
CENTURY SURETY COMPANY**

# TABLE OF CONTENTS

I.     **INTRODUCTION AND SUMMARY** ........................................................................ 1

II.    **NATURE AND STAGE OF THE PROCEEDING** ...................................................... 4

III.   **ISSUES TO BE RULED UPON** ................................................................................ 4

IV.   **ARGUMENT AND AUTHORITY** ........................................................................... 4

A.    **Declaratory Judgment Act** ..................................................................................... 4

B.    **Defendants' Rule (12)(b)(6) Motion To Dismiss Fails** ...................................... 5

      *1.*     *Standard Of Review* ............................................................................ 5

      *2.*     *Century Properly Pleaded Statutory Notice In Its Rescission Claim* ................... 6

      *3.*     *Century Pleaded Its Fraudulent Misrepresentation Claims With Particularity As Required By Federal Rule of Civil Procedure 9(b)* ................ 11

      *4.*     *Century's Negligent Misrepresentation Claim Meets The Heightened Standard Under Rule 9(b) And Century Alleged All Essential Elements* ......... 15

V.    **CONCLUSION** ....................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*1488, Inc. v. Philsec Inv. Corp.*,
   939 F.2d 1281 (5th Cir. 1991) ............................................................................ 14

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 868 (2009) ....................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................... 5

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*,
   343 F.3d 719 (5th Cir. 2003) ............................................... 11, 12, 14, 15

*Brand Coupon Network, LLC v. Catalina Mktg. Corp.*,
   748 F.3d 631 (5th Cir. 2014) ............................................................................ 6

*Broadleaf IT, LLC, v. Walley*,
   2024 WL 4329145 (S.D. Tex. Aug. 17, 2024) ................................................... 6

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ....................................................................... 6, 13

*Conley v. Gibson*,
   355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. (1957) ......................................................... 6

*Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, LLP*,
   2011 WL 2174970 (S.D. Tex. June 3, 2011) ..................................................... 5

*DiLeo v. Ernst & Young*,
   901 F.2d 624 (7th Cir. 1990) .......................................................................... 13

*Erwin v. Russ*,
   2010 WL 11506911 (W.D. Tex. Feb. 23, 2010) ............................................... 9

*Essex Insurance Co. v. Redtail Products, Inc.*,
   1999 WL 627379 (N.D. Tex. Aug. 17, 1999) ................................................. 10

*Holt v. Ocwen Loan Servicing, LLC*,
   2013 WL 7211759 (S.D. Tex. Dec. 12, 2013) ........................................... 11, 14

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ............................................................................ 5

*Mahone v. Addicks Util. Dist. of Harris County*,
   836 F.2d 921 (5th Cir. 1988) ........................................................................ 6

*Moree v. City of Sherman, Tx.*,
   2011 WL 1564035 (N.D. Tex. Apr. 6, 2011) ................................................. 9

*Nathenson v. Zonagen Inc.*,
   267 F.3d 400 (5th Cir. 2001) ...................................................................... 11

*Neochem Incorporated v. Sojitz Corporation of America, Inc.*,
   2010 WL 3732099 (S.D. Tex. Sept. 20, 2010) ............................................ 13

*One Beacon Ins. Co. v. T. Wade Welch & Assocs.*,
   2012 WL 1155739 (S.D. Tex. Apr. 5, 2012) ................................................ 11

*Orix Credit Alliance, Inc. v. Wolfe*,
   212 F.3d 891 (5th Cir. 2000) ........................................................................ 5

*Paramount National Life Insurance Company v. Williams*,
   772 S.W.2d 255  (Tex. 1989) ...................................................................... 10

*PCS Software, Inc. v. Dispatch Servs., Inc.*,
   2024 WL 1996126  (S.D. Tex. May 6, 2024) ............................................... 11

*Physicians ACO, LLC v. Comput. Scis. Corp.*,
   2018 WL 1172653 (S.D. Tex. Mar. 5, 2018) ............................................... 12

*Rel. Riley v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004) ............................................................... 6, 9, 15

*Ross v. Boodry*,
   54 F. Supp.2d 1199 (S.D. Tex. 1999) ......................................................... 5, 6

*Sherwin-Williams Co. v. Holmes Cty.*,
   343 F.3d 383 (5th Cir. 2003) ...................................................................... 4, 5

*Tuchman v. DSC Commn's Corp.*,
   14 F.3d 1061 (5th Cir. 1994) .................................................................... 6, 11

*Vogt v. U.S.*,
   2011 WL 5553678 (E.D. Tex. Oct. 5, 2011) ................................................. 9

*Wexner v. First Manhattan Co.*,
   902 F.2d 169 (2d Cir. 1990) ....................................................................... 13

*Williams v. WMX Tech., Inc.*,
  112 F.3d 175 (5th Cir. 1997) ......................................................................... 11

*Wilton v. Seven Falls Co.*,
  515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ........................................ 4, 5

**Statutes**

Texas Insurance Code § 704 ............................................................................... 8
Texas Insurance Code § 705 ........................................................................... 4, 7, 8

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................... 11
Fed. R. Civ. P. 9(b) ................................................................................... Passim
Fed. R. Civ. P. 12(b)(6) ............................................................................. Passim

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Century Surety Company ("Century") and files this, its Response in Opposition to Defendants Carriage Place Apartments Houston, LLC ("Carriage Place"), Texas Commercial Specialists Mgr LLC f/k/a Texas Commercial Insurance Specialists, Inc., ("TCIC"), and Dan Kaderka III's ("Kaderka") (Carriage Place, TCIC, and Kaderka are sometimes collectively referred to herein as "Defendants") Motion to Dismiss Century's Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully shows as follows:

## I.     INTRODUCTION AND SUMMARY

1.     This is an insurance coverage declaratory judgment action (the "DJA") concerning rescission of an insurance policy, as well as claims against an insurance agent and agency. Century rescinded a general liability policy and filed the DJA when it discovered a material misrepresentation in an application for insurance coverage while investigating claims related to the lawsuit styled *Ahshanti Carey v. Carriage Place Apartments Houston, LLC d/b/a Casa Paz Apartments; Devonshire Real Estate & Asset Management, L.P., Devonshire Real Estate Investments, Inc., Fort Grp LLC; and Grow Wealth 2 Retire LLC*, Cause No. 2023-64947, in the 127th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). The Underlying Lawsuit involves an alleged sexual assault at the Casa Paz apartments in Houston, Texas (the "Property").

2.     At the time of the incident made the basis of the Underlying Lawsuit (the "Incident"), Century was Carriage Place's general liability insurer. TCIC was its retail insurance agency. Kaderka was its retail insurance agent.

3.     On January 5, 2024, Century discovered that Carriage Place, through Kaderka,

materially misrepresented the history of prior assaults at the Property on Carriage Place's applicaton for insurance (the "Application"). Century's underwriting guidelines were such that properties with *any* prior assaults were unacceptable for assault and battery coverage. On March 8, 2024, following its discovery that there had been a multitude of prior assaults at the Property and a representation of none, Century timely and properly rescinded the Policy in accordance with Texas Insurance Code § 705. It subsequently filed its Original Complaint in the DJA.

4.      Century included TCIC and Kaderka as defendants in the DJA because Kaderka signed the Application containing the material misrepresentation on behalf of Carriage Place. TCIC is the retail insurance agency listed on the Application. The Application expressly warrants that the statements and particulars contained therein are true and complete, and do not mispresent, misstate, or omit any material facts. Despite Kaderka's representation of truth, the Application contains a material misrepresentation.

5.      The standard in a motion to dismiss is whether a party has stated claims upon which relief can be granted. Importantly, this is different from whether the party has shown that there is no genuine issue of material fact, and evaluated irrespective of the merits of the party's claims. Here, Century stated claims in its Amended Complaint upon which relief can be granted. It attached the Application, the petition in the Underlying Lawsuit, the Policy, its rescission letter (the "Letter"), and a "Fourth Report" prepared by CIA Custard as exhibits to its Amended Complaint. Century's allegations, as supported by these exhibits, establish that Century's claims are cognizable.

6.      In the Motion, Defendants assert that Century did not properly plead compliance with the Notice Provision and its rescission claims are not cognizable. To the contrary, Century underline expressly pleaded /underline compliance. In the parties' August 29, 2024 hearing on Defendants' Motion to

Dismiss Century's Original Complaint for Declaratory Judgment, this Honorable Court instructed Century to plead a specific date on which it discovered a material misrepresentation. The purpose of the Court's instruction was so that it could evaluate whether Century alleged that it complied with the 90-day notice requirement. As this Court instructed, Century pleaded a specific date in its Amended Complaint. *See* ECF 27, p. 8 ¶ 25. Century discovered the material misrepresentation on January 5, 2024. This date is later than Century originally pleaded because Century discovered additional facts bearing upon knowledge. Century sent the Letter on March 8, 2024, a date well within 90 days of discovery. Century stated a cognizable claim upon which relief can be granted.

7.      Defendants contend that Century's claim for fraudulent misrepresentation does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Defendants' assertions fail. Century's allegations, together with the Application, plainly demonstrate that Century has met the requisite specificity. Further, the standard in a motion to dismiss is whether Century has stated a claim upon which relief can be granted. **Century is not required to prove its case in its Complaint.**

8.      Finally, Defendants assert that Century's claim for negligent misrepresentation must be dismissed for failure to meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) because it is identical to Century's pleading for fraudulent misrepresentaiton. This is inaccurate. Century pleaded its claim with the requisite specificity, and stated a claim upon which relief can be granted.

9.      Defendants' Motion establishes disagreement about factual allegations, but factual disagreement does not entitle Defendants to dismissal of the case. The merits of the case are not at issue in a motion to dismiss. Defendants did not establish that Century failed to state claims upon which relief can be granted. As a result, Defendants' Motion fails.

10.    Century respectfully requests that the Court deny the Motion, and retain this case on its docket.

## II.    NATURE AND STAGE OF THE PROCEEDING

11.    Century filed this case on March 18, 2024.  ECF 1. Defendants filed an unopposed motion for extension of time to respond to Century's Complaint on April 11, 2024, which the Court granted on April 12, 2024.  ECF 10. Defendants filed a Motion to Dismiss on May 9, 2024 (ECF 13), and Century filed a Response in Opposition. ECF 20. Following a hearing on August 29, 2024, this Honorable Court dismissed Century's Original Complaint without prejudice, allowing Century the opportunity to replead. Century filed its Amended Complaint for Declaratory Judgment ("Amended Complaint") on September 12, 2024. ECF 27.

## III.    ISSUES TO BE RULED UPON

12.    Defendants Carriage Place, Kaderka, and TCIC have framed three issues they believe are before the Court: 1) did Century properly plead compliance with the statutory notice required by § 705.005 of the Texas Insurance Code; 2) did Century plead its negligent and fraudulent misrepresentation claims with the requisite particularity required under Federal Rule of Civil Procedure 9(b); and 3) did Century plead the necessary elements for its causes of action for negligent and fraudulent misrepresentation.

13.    As shown below, the answer to all three is "yes."

## IV.    ARGUMENT AND AUTHORITY

### A.    Declaratory Judgment Act

14.    The Declaratory Judgment Act is an "enabling Act, which confers discretion on the court rather than an absolute right on a litigant.'" *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co*., 515 U.S. 277, 115 S.Ct. 2137, 132

L.Ed.2d 214 (1995)). It confers "unique and substantial discretion in deciding whether to declare the rights of litigants." *Sherwin-Williams*, 343 F.3d at 389. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration." *Darwin Select Ins. Co. v. Laminack, Pirtle & Martines, LLP*, No. H-10-5200, 2011 WL 2174970, at *1 (S.D. Tex. June 3, 2011) (quoting *Wilton*, 515 U.S. at 289). In deciding whether to retain a declaratory judgment action, a federal district court must determine (1) whether the declaratory judgment is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the case. *Sherwin-Williams*, 343 F.3d at 387; *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

15.    Defendants seek dismissal of Century's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They assert that Century has not stated a claim upon which relief can be granted. As shown below, Defendants' arguments are unsupported and the Court should deny the Motion.

**B.    Defendants' Rule (12)(b)(6) Motion To Dismiss Fails**

*1.    Standard Of Review*

16.    Rule 12(b)(6) allows a party to move to dismiss a case for failure to state a claim upon which relief can be granted. A court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ross v. Boodry,* 54 F. Supp.2d 1199, 1199 (S.D. Tex. 1999). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). If the complaint alleges enough facts to

state a claim to relief that is plausible on its face, the court should deny the motion. *Id.* at 1974. The "plausibility" standard is not akin to a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 868 (2009).

17.     **"Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief."** *Ross*, 54 F. Supp.2d at 1200 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 80 (1957) (emphasis added); *Tuchman v. DSC Commn's Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). Motions to dismiss are disfavored, and appropriate in only rare circumstances. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988); *Ross*, 54 F. Supp.2d at 1200.

18.     In ruling on a motion to dismiss under Rule 12(b)(6), a court "generally must limit itself to the contents of the pleadings, including the attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); ECF 32, p. 10 ¶ 22. The court should not evaluate the merits of the allegations, but should instead satisfy itself that the plaintiff pleaded a cognizable claim. *Broadleaf IT, LLC, v. Walley*, No. 4:24-cv-00303, 2024 WL 4329145, at *2 (S.D. Tex. Aug. 17, 2024); *U.S. ex. Rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). <u>The court should dismiss only if it appears beyond doubt that a plaintiff can prove no set of facts in support of its claims</u>. *Riley*, 355 S.W.3d at 377.

### 2.     *Century Properly Pleaded Statutory Notice In Its Rescission Claim*

19.     Defendants contend that the claim for rescission in Century's Amended Complaint should be dismissed because Century failed to plead the requisite 90-day notice pursuant to Texas Insurance Code § 705.005 (the "Notice Provision"). ECF 32 p. 11 – 24. Defendants are wrong.

20.     In the hearing on Defendants' Motion to Dismiss Century's Original Complaint, this Honorable Court instructed Century to plead a specific date on which it discovered the date of the Defendants' material misrepresentation. The purpose of the Court's instruction was so that the Court could evaluate whether Century stated a cognizable claim. In its Amended Complaint, Century complied with the Court's instruction, and pleaded a specific date. *See* ECF 27, p. 8 ¶ 25. Specifically, Century pleaded: "**On January 5, 2024, in conjunction with Century's investigation of the Underlying Lawsuit, Century discovered that Carriage Place materially misrepresented whether there had been prior assaults and battery incidents at the Property**." *Id*. (emphasis added).

21.     Century then pleaded:

- Carriage Place represented and warranted that there had **never** been any prior assault & battery incidents/claims on the Property. However, in the year prior to the Application alone, there were **more than thirty** assaults at the Property. *Id*.

- The claim now at hand . . . is directly related to the subject of the material misrepresentation. *Id*. at ¶ 26.

- Carriage Place's incorrect answer to question 5 on the Application was made with actual intent to deceive and increased the risk to Century of issuing the requested insurance. *Id*. at ¶ 27.

- If Century had known that there were more than thirty assaults in the year prior to Carriage Place's execution of the application, it would have issued an assault and battery endorsement to preclude coverage for such incidents. *Even one prior assault would have resulted in the attachment of an assault and battery exclusion*. *Id*. at ¶ 28.

- **To comply with Texas Insurance Code §§ 705.004 and 705.005, Century provided notice to Carriage Place of its intent to rescind the Policy within 90 days of discovery of the material misrepresentation in the Application**. Specifically, by letter dated March 8, 2024 . . . **Century communicated its decision to declare the Policy null and void** from its inception based on Carriage Place's material misrepresentation about no prior assaults and batteries. A true and accurate copy of the Rescission Letter, as well as proof of mailing, is attached hereto as Exhibit D. *Id*. at pp. 8-9 ¶ 29 (emphasis added); *see also* ECF 28-3.

- Century seeks a declaration that the Policy is void *ab initio*, and has no further force and effect, **pursuant to Century's valid and timely exercise of its right of rescission under Texas Insurance Code §§ 705.004 and 705.005**, the terms of the Policy, and Texas common law[.]" ECF 27, p. 9 ¶ 32 (emphasis added).

22.     Century attached the Letter to its Amended Complaint. ECF 28-3. The Letter specifically references the Notice Provision. *See id.* ("In accordance with Texas Insurance Code ¶¶ 704.004(b) and 705.005(b)(1), this is to advise you that Century Surety Company intends to rescind the referenced policy because of a material misrepresentation in your application for coverage.").

23.     It is clear that Defendants disagree about when Century received notice. *See, e.g.,* ECF 32, p. 12 ¶ 6 ("Accordingly, on October 13, 2023, in its Reservation of Rights to Carriage Place, Century unambiguously acknowledged its discovery of the factual foundation for the claims in the Underlying Lawsuit, which serves as the exclusive basis for Century's action here, seeking to rescind the policy based on an alleged misrepresentation of TCIS."). But the question before the Court is not the merits of Century's claims. It is whether Century stated claims upon which relief can be granted.

24.     Century attached the Fourth Report prepared by its independent adjuster with CIA Custard. *See* ECF 28-4. The independent adjuster noted:

> We have attached a copy of the Harris County Sheriff's Department Location Inquiry for the insured's location. We submitted the request from June 5, 2022 through June 23, 2023. The inquiry does list this incident as a sexual assault. There were over 100 calls for service by police at the location for various crimes, but this incident is the only one listed as a "sexual assault."

ECF 28-4.

25.     On Page 2 of the Fourth Report, under **FUTURE ACTIVITY**, the independent adjuster wrote: "**All assigned investigation has not been completed**." *Id.* (Emphasis added). In other words, on September 26, 2024, Century knew that there had been over 100 calls for service

at the Property within a particular time. It knew the Incident was the only sexual assault during that time. It did not know the nature of any other call. Its investigation was not complete. The Fourth Report conclusively establishes that on September 26, 2024, Century did not know there were prior claims or assaults at the Property. Century unequivocally lacked knowledge.

26.     Defendants next claim that Century must have known about a misrepresentation when it sent a reservation of rights letter on October 13, 2023 because the letter contains a detailed summary of the factual allegations against Carriage Place from the Underlying Lawsuit. The factual allegations include references 911 calls and other assaults. However, factual allegations in an underlying lawsuit are just that: allegations. Century does not presume allegations against its insured are true for any purpose other than evaluating whether it has a duty to defend. It does not follow that Century's underwriters pulled Carriage Place's application for insurance and compared it to unsubstantiated allegations. The reservation of rights letter does not show that Century had knowledge of anything other than an underlying petition.

27.     Defendants' dispute regarding the timing of Century's knowledge or any of Century's other factual allegations is not a basis for a motion to dismiss. *See, e.g., Moree v. City of Sherman, Tx.,* No. 4:11-cv-11, 2011 WL 1564035, at *2 (N.D. Tex. Apr. 6, 2011) (denying motion to dismiss when motion to dismiss was based upon factual issues); *Erwin v. Russ*, No. W-09-CA-127, 2010 WL 11506911, at *1 (W.D. Tex. Feb. 23, 2010) ("This factual disagreement with Defendants' counterclaim has no relevance to the question of whether or not Defendants' counterclaim, as alleged in their answer, properly states a claim."); *see also Vogt v. U.S.*, No. 6:11CV62, 2011 WL 5553678, at *2-3 (E.D. Tex. Oct. 5, 2011) (explaining that in a motion to dismiss, the court examines whether a plaintiff has potentially stated a claim at all, and in a motion for summary judgment, the court examines whether there is a genuine issue of material fact); *Riley*,

355 F.3d at 376 (reversing district court, where court dismissed claims on which it believed the plaintiff was "unlikely" to prevail on the merits).

28.     Finally, the cases Defendants cite do not support dismissal. In *Paramount National Life Insurance Company v. Williams*, the Court considered points of error after trial, not on motion to dismiss. 772 S.W.2d 255 (Tex. 1989). In relevant part, the Court held: "we cannot say from this record that Paramount established as a matter of law that the denial letter was written within the 90-day period. Indeed, there was evidence to support the jury's finding to the contrary." *Id*. *Paramount* is wholly distinct from the case at hand. This case is not at the trial stage. The Court is merely considering whether Century has stated a claim upon which relief can be granted. It is not weighing the credibility of Century's evidence.[1]

29.     <u>When Century's underwriters knew there was a material misrepresentation on Carriage Place's application for insurance is a discrete issue from when Century knew there were prior crimes at the Property</u>. The relevant question is not whether Century presented a genuine issue of material fact. It is whether Century stated claims for relief that are plausible on their face.

30.     The Court must give Century the benefit of the doubt and take its allegations in the Amended Complaint as true. Century's underwriters discovered the material misrepresentation on January 5, 2024. It sent the Letter on March 8, 2024, within the 90-day period required by the Notice Provision. With respect to rescission, Century stated a *plausible* claim for relief. Century is not required to prove its case in its Complaint. The allegations in Century's Complaint, plus the exhibits that are attached and incorporated by reference, are well-pleaded.

31.     Defendants' motion to dismiss Century's rescission claim should be denied.

---

[1] Similarly, in *Essex Insurance Co. v. Redtail Products, Inc*., No. A3:97CV2120D, 1999 WL 627379 (N.D. Tex. Aug. 17, 1999), the court considered whether an insurer properly complied with the statutory notice requirement on motion for summary judgment. Again, the standard of review makes the case inapposite.

### 3. Century Pleaded Its Fraudulent Misrepresentation Claims With Particularity As Required By Federal Rule of Civil Procedure 9(b)

32. Defendants claim that Century did not plead its fraudulent misrepresentation claims against TCIC with particularity, and as such, its claims should be dismissed. ECF 32, pp. 17 – 22. But Defendants misstate and misapply the law.

33. In general, claims need only be short and plain statements showing that pleaders are entitled to relief. FED. R. CIV. P. 8(a)(2). When defendants are charged with fraudulent activity, plaintiffs must allege the circumstances constituting fraud with particularity. *See* FED. R. CIV. P. 9(b); *see also Williams v. WMX Tech., Inc.* 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997); *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (explaining that a plaintiff alleging fraud must allege the who, what, when, where, and how of the alleged fraud).

34. Rule 9(b) expressly permits a plaintiff to generally allege that the defendant intended to commit fraud. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be averred generally.") (emphasis added); *see also Holt v. Ocwen Loan Servicing, LLC*, No. 3:13-cv-120, 2013 WL 7211759, at *3 (S.D. Tex. Dec. 12, 2013) ("[T]he law recognizes that proving a defendant's state of mind is difficult without discovery.") (citing *One Beacon Ins. Co. v. T. Wade Welch & Assocs.,* No. H-11-3061, 2012 WL 1155739, at *3 (S.D. Tex. Apr. 5, 2012)). Pleading scienter requires "more than a simple allegation that a defendant had fraudulent intent." *Tuchman v. DSC Comm'ns. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *PCS Software, Inc. v. Dispatch Servs., Inc.*, No. H-23-108, 2024 WL 1996126, at *3 (S.D. Tex. May 6, 2024). To adequately plead fraud under Rule 9(b), a plaintiff is required

to plead the "who, what, when, and where" of its claim. *Benchmark*, 343 F.3d at 724.

35.     Defendants acknowledge that Rule 9(b) "relaxes the particularity requirement for conditions of the mind, such as scienter[.]" *Id*. at p. 19 ¶ 42 (citing *Physicians ACO, LLC v. Comput. Scis. Corp.*, No. 4:16-cv-1293, 2018 WL 1172653, at *4 (S.D. Tex. Mar. 5, 2018)). However, they claim that Century's allegations are formulaic, and do not pass muster. Defendants' claims are not supported by either the pleadings or any of the case law they cite.

36.     Century's Amended Complaint complies with the heightened pleading requirement contained in Federal Rule of Civil Procedure 9(b). The allegations in the Complaint provide the elements outlined by the Court in *Benchmark*:

- **WHO**:

   TCIC (referred to as MGR in the Complaint) and Kaderka, who care Carriage Place's agents [ECF 27, pp. 9-10 ¶¶ 35, 36].

- **WHAT/WHERE/HOW**:

   Kaderka executed the portion of the application that says "APPLICANT'S SIGNATURE." Despite signing the Application in the "APPLICANT'S SIGNATURE" block, neither Kaderka nor MGR are the applicant for coverage. [ECF 27, p. 10 ¶ 39].

   MGR and Kaderka submitted the Application on behalf of Carriage Place to broker USG, which procured a quote for coverage from Century. [ECF 27, p. 10 ¶ 37].

   The Application contains particular representations. Specifically, it represents that there had never been any assault & battery incidents/claims on the property. [ECF 27, p. 10 ¶ 38].

   The representation by MGR and Kaderka that there had never been any assault & battery incidents/claims at the insured property was false. Specifically, in the year prior to the Application alone, there were more than thirty assaults at the Property. [ECF 27, p. 10 ¶ 40].

   Kaderka and MGR's submission of the application to USG for a quote, with Kaderka's signature as the applicant, evidences their intent that Century rely on the misrepresentation contained therein regarding no prior assaults. [ECF 27, p.

10 ¶ 41].

> MGR and Kaderka were aware of Century's underwriting guidelines regarding assaults and batteries. MGR and Kaderka represented and signed the Application that there had never been any assault & batter incidents/claims at the Property. MGR and Kaderka knew their representations regarding no prior assaults at the Property was false. [ECF 27, p. 12 ¶¶ 50 – 52].

> MGR and Kaderka knew that if they had honestly answered Question 5 on the Application, Century would not have issued the Policy with assault and battery coverage. As a result, MGR and Kaderka intentionally answered the question "no," knowing the answer was "yes." [ECF 27, 12 ¶ 53].

37.    To the extent the Court determines that the allegations alone are insufficient, the Application is attached as an exhibit to the Complaint. *See* ECF 28. According to the Fifth Circuit's opinion in *Collins*, the Application is incorporated by reference and part of what the Court may consider. 224 F.3d at 498-99. The Application supplements Century's allegations.

38.    Defendants contend that *Neochem Incorporated v. Sojitz Corporation of America, Inc.*, is instructive in this case. H-09-681, 2010 WL 3732099 (S.D. Tex. Sept. 20, 2010). Century agrees. However, the case supports Century's position. In *Neochem*, this Court held that when attacked by a Rule 12(b)(6), a party's formulaic recitation of a cause of action's elements does not suffice. *Id*. at *2. The Court acknowledged that malice, intent, knowledge, and other conditions of a person's mind can be generally alleged. *Id*. (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990) (complaint must afford a basis for believing that plaintiffs could prove scienter); *Wexner v. First Manhattan Co*., 902 F.2d 169, 172 (2d Cir. 1990) (requiring plaintiffs who allege fraud to plead the factual basis which gives rise to a strong inference of fraudulent intent)). But in *Neochem*, the plaintiffs made general statements such as "[Defendants] made material misrepresentations to Neochem and the misrepresentations were false." *Id*. at *3. The allegations tracked the elements of a claim for fraudulent misrepresentation, and did not contain any facts. As a result, the court found that the claims should be dismissed. *Id*.

39.     Unlike the allegations in *Neochem*, Century pleaded its claims with exceeding particularity. Century <u>specifically</u> alleged who made the misrepresentation, what the misrepresentation was, and how and where the misrepresentation was made. Century is permitted to generally allege Kaderka and TCIC's state of mind, as these are exempt from the heightened pleading standard. FED. R. CIV. P. 9(b); *see also Holt*, 2013 WL 7211759 at *3. However, Century alleged facts specific facts supporting an inference of fraud. Where a claim respecting fraud alleges who, what, when, and how, and also explains why particular conduct is fraudulent or misleading, Rule 9(b) is satisfied, and a motion to dismiss for failure to state a claim is properly denied. *See Benchmark*, 343 F.3d at 724.

40.     Defendants concede that to prevail, they must establish that Century's pleadings "reveal beyond doubt that [Century] can prove no set of facts that would overcome the defense or otherwise entitle them to relief." ECF 32, p. 10 ¶ 21. They have not, and cannot. Century's allegations with respect to fraudulent conduct satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b).[2]

41.     Defendants acknowledge that in a claim for fraudulent misrepresentation, a claimant must allege 1) that a material misrepresentation was made, 2) that it was false, 3) that when the speaker made it he knew it was false or made it recklessly without knowledge of the truth and as a positive assertion, 4) that he made it with the intention that it should be acted upon by the party, 5) that the party acted in reliance, and 6) that the party suffered injury. ECF 32, pp. 19-20 ¶ 43 (citing *1488, Inc. v. Philsec Inv. Corp*., 939 F.2d 1281, 1287 (5th Cir. 1991)). Century alleged all of these things. *See* ECF 27, p. 12 ¶¶  50 – 56. Defendants do not argue that Century failed to

---

[2] For the same reason *Neochem* does not support Defendants' position, the other cases law cited on page 19 ¶ 42 likewise lends no support. Century did not provide a formulaic recitation of the elements of fraudulent misrepresentation with no factual support. Rather, it provided explicit factual detail, as illustrated in Paragraph 36.

allege these things. Rather, they disagree with the merits of Century's allegations. *See* ECF 32, p. 20 ¶ 44 ("TCIS vehemently denies that the representation on the Application as to alleged prior assault and battery incidents/claims at the Property was false and further maintains that it had no knowledge of 9-1-1 call reports on the Property prior to the submission of the Application."). Courts accept well-pled allegations as true, and "the claim may not be dismissed so long as the complainant states a claim." *Riley*, 355 F.3d at 376. Century stated a claim upon which relief can be granted.

42.     Defendants' motion to dismiss Century's fraud claims should be denied.

### 4.     *Century's Negligent Misrepresentation Claim Meets The Heightened Standard Under Rule 9(b) And Century Alleged All Essential Elements*

43.     Defendants next allege that the Court should dismiss Century's negligent misrepresentation claim because it fails to meet the heightened pleading standard, and lacks necessary essential elements. Defendants' claims are meritless. Century pleaded its claims with particularity, and the pleading contains all of the requisite elements.

44.     Defendants correctly note that where fraud and negligent misrepresentation claims are based on the same set of facts, the Fifth Circuit imposes Rule 9(b)'s heightened pleading standard on both claims. *See, e.g., Benchmark*, 343 F.3d at 723. As articulated in Paragraphs 33 through 37 of this Response in Opposition, Century's claims are pleaded with particularity and satisfy the requirements of Rule 9(b). There are no "vague statements" in the negligent misrepresentation portion of its Amended Complaint. Nor does Century attempt to "lump" the negligent and fraudulent misrepresentation claims together without reaching the necessary heightened standard. Century undeniably met the heightened standard.

45.     Defendants also allege that Century failed to "make the required showing of the necessary elements of negligent misrepresentation[.]" ECF 32, p. 24 ¶ 54. They claim that Century

must plead that 1) a representation was made by the other party in the course of business, 2) the party supplied false information for the guidance of others, 3) the other party did not exercise reasonable care or competence in obtaining or communicating the information, and 4) the party suffered pecuniary loss. ECF 27, p. 54. Defendants' assertion that Century's Amended Complaint is defective is baseless. Century's Amended Complaint clearly articulates each of these things. *See* ECF 27, pp. 9-11 ¶¶ 35 – 47.

## V.     CONCLUSION

A motion to dismiss should be granted only when it is shown beyond a doubt that a plaintiff can prove no set of facts that would entitle it to relief. That is not the case here. Century stated claims upon which relief can be granted. Its claims of fraudulent conduct satisfy the heightened pleading standard required by Federal Rule of Civil Procedure 9(b), and its Amended Complaint addresses all of the elements of each claim.

What is clear is that Defendants do not agree with the merits contained in Century's Amended Complaint. But disagreement with merits is not a basis for dismissal of the case. The Court must accept Century's well-pleaded allegations as true.

The Court should deny Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), and retain the case on the Court's docket.

**WHEREFORE, PREMISES CONSIDERED,** Century prays that the Court deny Defendants' Motion to Dismiss, retain the case on its docket, and grant Century such other and further relief, in law and equity, that Century should show that it is justly entitled and for which it shall ever pray.

Respectfully Submitted,

By: /s/ Robert J. Witmeyer
**ROBERT J. WITMEYER**
Texas State Bar No. 24091174
Southern District No. 2600115
*rwitmeyer@mayerllp.com*
**SUMMER L. FREDERICK**
State Bar No. 24067764
Southern District No. 1047012
*sfrederick@mayerllp.com*

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopy: (214) 379-6939

**ATTORNEYS FOR PLAINTIFF,**
**CENTURY SURETY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on October 24, 2024, I served the foregoing via the Court's CM/ECF system in accordance the Federal Rules of Civil Procedure, upon the following counsel of record:

Lee H. Staley
lstaley@serpeandrews.com
Dylan W. Bass
dbass@serpeandrews.com
Liza L. Roys
lroys@serpeandrews.com
Serpe Andrews, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Phone: 713-452-4400
Fax:    713-452-4499
*Attorneys for Defendants*

By: /s/ Robert J. Witmeyer
**ROBERT J. WITMEYER**