United States District Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY,** § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-00992 |
| § | |
| **CARRIAGE PLACE APARTMENTS** § | |
| **HOUSTON, LLC, TEXAS COMMERCIAL** § | |
| **INSURANCE SPECIALISTS MGR LLC** § | |
| **f/k/a TEXAS COMMERCIAL INSURANCE** § | |
| **SPECIALISTS, INC., and DAN KADERKA** § | |
| **III,** | |
| *Defendants.* | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss of Defendants Carriage Place Apartments Houston LLC, Texas Commercial Insurance Specialists MGR LLC f/k/a Texas Commercial Insurance Specialists, Inc., and Dan Kaderka III's (collectively, "Defendants"). Doc. 32. In this Motion, Defendants seek to dismiss Plaintiff Century Surety Company's ("Plaintiff" or "Century") Amended Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).

Having reviewed the motion, and the applicable law, the Court **GRANTS** the motion for the reasons below.

### I. BACKGROUND

This insurance coverage dispute arises from Century's attempt to rescind a commercial general liability insurance policy (the "Policy") issued to Defendant Carriage Place Apartments Houston LLC ("Carriage Place") for an apartment complex located at 505 Wells Fargo Drive, Houston,

Texas (the "Property"). The Policy was issued based on a renewal application (the "Application") submitted on April 26, 2023, which was signed by Defendant Dan Kaderka III ("Kaderka"), an agent of Defendant Texas Commercial Insurance Specialists MGR LLC ("TCIS"). Doc. 27; Doc. 28.

The Application contained Question 5, which asked: "Has there ever been any assault & battery incidents/claims on the premises?" Kaderka checked "No" in response. Doc. 28 at 4. The Application included a fraud warning and stated that the "undersigned is an authorized representative of the applicant and represents that reasonable inquiry has been made to obtain the answers to questions on this application." *Id.* at 5.

On September 22, 2023, a former tenant of the Property, Ashanti Carey, filed a lawsuit (the "Underlying Lawsuit") alleging she was sexually assaulted at the Property on June 20, 2023. Doc. 28-1. The complaint stated that between January 1, 2021 and the assault date, approximately 1,000 emergency 9-1-1 calls originated from the Property. These included reports of one sexual assault, nine aggravated assaults, and other crimes occurring in the year before the alleged assault. *Id*. at ¶¶ 37-38.

As part of its investigation of the Underlying Lawsuit, Century received a "Fourth Report" from Custard Insurance Adjusters on September 26, 2023 (the "Custard Report"). Doc. 28-4. The Custard Report included a Harris County Sheriff's Department Location Inquiry listing 9-1-1 calls from the Property between June 5, 2022 and June 23, 2023. *Id*. at 4-5. On October 13, 2023, Century issued a Reservation of Rights letter to Carriage Place referencing the allegations in the Underlying Lawsuit about prior 9-1-1 calls. Doc. 32, Ex. A.

Century filed this declaratory judgment action on March 18, 2024, seeking rescission of the Policy based on alleged material misrepresentations in the Application. Doc. 1. After Defendants

moved to dismiss the original complaint, the Court granted Century leave to amend. Doc. 27. The Amended Complaint asserts three claims: (1) rescission of the Policy under Texas Insurance Code §§ 705.004 and 705.005; (2) fraudulent misrepresentation against TCIS and Kaderka; and (3) negligent misrepresentation against TCIS and Kaderka.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, the Court is not required to accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

When considering a Rule 12(b)(6) motion, the Court may consider documents attached to the complaint and documents referenced in the complaint that are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### B. Heightened Pleading Standard for Fraud Under Rule 9(b)

Claims sounding in fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit has interpreted this to mean that the plaintiff must allege the "who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

While Rule 9(b) allows conditions of the mind such as intent and knowledge to be alleged generally, plaintiffs must still plead sufficient facts to support a strong inference of fraudulent intent. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

**III. ANALYSIS**

The Court will analyze each of Century's claims in turn, beginning with its statutory claim for rescission under the Texas Insurance Code before addressing its common law claims for fraudulent and negligent misrepresentation.

### A. Century's Rescission Claim Fails Because It Did Not Comply with Texas Insurance Code § 705.005

Defendants first argue that Century's rescission claim must be dismissed because Century failed to plead compliance with the notice requirements of Texas Insurance Code § 705.005. The Court agrees.

Section 705.005 provides that an insurer may not deny a claim or rescind a policy based on a misrepresentation in the application unless the insurer provides written notice to the insured of its intent to rescind within 90 days after the insurer "discovers the falsity of the representation." Tex. Ins. Code § 705.005(b). The Texas Supreme Court and Fifth Circuit have consistently held that this notice requirement is an "essential element" of a rescission claim. *Homeland Ins. Co. of N.Y. v. Clinical Pathology Lab'ys*, 2022 WL 2820741, at *15 (W.D. Tex. July 19, 2022); *Koral Indus., Inc. v. Sec.-Conn. Life Ins. Co.*, 788 S.W.2d 136, 148 (Tex. App.—Dallas 1990, writ denied).

Here, Century's Amended Complaint alleges it "discovered that Carriage Place materially misrepresented whether there had been prior assaults and battery incidents at the Property" on January 5, 2024, and provided notice of rescission on March 8, 2024—within the 90-day window.

Doc. 27 ¶¶ 25, 29. However, this assertion is directly contradicted by Century's own exhibits and prior pleadings.

First, Century's Notice of Rescission, attached as Exhibit D to the Amended Complaint, states that Century "became aware in December 2023 . . . there had been more than 30 incidents of assaults at the property in the prior year alone." Doc. 28-3 at 2. This directly contradicts the January 5, 2024 discovery date alleged in the Amended Complaint.

Second, Century's September 26, 2023 Custard Report demonstrates that Century had actual knowledge of the 9-1-1 call records—the sole basis for its misrepresentation claim—months before January 2024. The Custard Report specifically references over 100 calls for service at the Property, including reports of assaults. Doc. 28-4 at 2, 4-5. Century contends that the September 2023 Custard Report (Doc. 28-4) did not prove the Application was false because it contained only uncorroborated 9-1-1 calls, not verified assault claims. Doc. 34 at 9. This argument is self-defeating. If Century is correct that the Custard Report did not establish falsity, then its entire rescission claim fails because it has no evidence that the Application was false when made. Either the Custard Report did reveal the falsity (triggering the 90-day deadline in September 2023, or the Custard Report did not reveal the falsity (meaning Century has no basis for rescission). Century cannot have it both ways.

Third, Century's October 13, 2023 Reservation of Rights letter to Carriage Place explicitly references the allegations in the Underlying Lawsuit about prior 9-1-1 calls and assaults at the Property. Doc. 32, Ex. A at 4. Century argues that this letter merely recited allegations from the Underlying Lawsuit and did not reflect actual knowledge of misrepresentation. Doc. 34 at 10. This is belied by the letter's plain language. The Reservation of Rights explicitly states that Century was investigating whether the Policy could be voided due to misrepresentations about prior

assaults. Doc. 32 Ex. A at 4. If Century had no knowledge of potential misrepresentations, it would not have reserved rights on that basis.

Century argues that it did not "discover" the misrepresentation until January 5, 2024, because it needed time to determine whether the misrepresentation was material under § 705.004. Doc. 34 at 7–8. This argument fails under binding precedent. Texas courts have repeatedly held that the 90-day clock under § 705.005 begins running when the insurer possessed the facts indicating a potential misrepresentation, not when the insurer completes its investigation or determines the misrepresentation was material. *Myers v. Mega Life & Health Ins. Co.*, 2008 WL 1758640, at *5 (Tex. App.—Amarillo Apr. 17, 2008) ("The statute contains no. . . pre-condition [that the insurer determine materiality] to the running of the [90] day period and we will not create one."); *see e.g., Prudential Ins. Co. v. Torres*, 449 S.W.2d 335, 337-38. Century's interpretation would render § 705.005's deadline meaningless, as insurers could indefinitely delay notice by claiming they were still investigating materiality. The statute requires notice within 90 days of discovering the falsity—not the legal significance—of the representation.

Here, Century's own exhibits establish that it had knowledge of the alleged misrepresentation by September 26, 2023 (Custard Report) at the latest. Even using the December 2023 date from the Notice of Rescission, Century's March 8, 2024 notice was untimely. Because Century failed to provide notice within 90 days of discovering the alleged misrepresentation, its rescission claim fails as a matter of law.

Century's argument that the timing of discovery presents a factual issue inappropriate for Rule 12(b)(6) is unpersuasive. When, as here, the plaintiff's own exhibits "reveal beyond doubt that the plaintiff can prove no set of facts" to satisfy an essential element of its claim, dismissal is

proper. *Tuchman*, 14 F.3d at 1067. The Court therefore **DISMISSES** Century's rescission claim **WITH PREJUDICE.**

### B. Century's Fraudulent Misrepresentation Claim Fails Under Rule 9(b)

Defendants next argue that Century's fraudulent misrepresentation claim against TCIS and Kaderka fails to meet the heightened pleading standard of Rule 9(b). The Court agrees. Under Texas law, the elements of fraudulent misrepresentation are:

(1) a material representation was made;

(2) the representation was false;

(3) when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth;

(4) the speaker made it with the intention that it should be acted upon by the other party;

(5) the party acted in reliance upon it; and

(6) the party thereby suffered injury.

*1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1287 (5th Cir. 1991). Century's claim fails on multiple grounds under Rule 9(b)'s heightened standard.

First, Century fails to allege fraudulent misrepresentation with particularity. Century's fraudulent misrepresentation claim is based entirely on Kaderka's "No" response to Question 5 in the Application about prior assault incidents. Doc. 27 at ¶¶ 34-44. However, the Amended Complaint contains no specific facts showing this representation was false when made on April 26, 2023. Under Texas law, a representation cannot be "false" for fraudulent misrepresentation purposes unless it was incorrect when made. *Formosa Plastics Corp. v. Material P'ships*, No. 01-00-00584-CV, 2002 Tex. App. LEXIS 7582 (Tex. App. Oct. 24, 2002) ("[a] false, material

misrepresentation that was either known to be false when made or was asserted without knowledge of its truth is fraudulent"). Century relies exclusively on the September 26, 2023 Custard Report, which was generated nearly five months after the Application was submitted. Doc. 28-4. The Custard Report contains uncorroborated 9-1-1 call records that may indicate reports of prior incidents, but Century pleads no facts showing that Kaderka or TCIS had access to these records or knew about any actual assaults when completing the Application. Moreover, the Custard Report itself states that the investigation was incomplete as of September 26, 2023. Doc. 28-4 at 2. ("All assigned investigation has not been completed").  Century provides no explanation for how Kaderka or TCIS could have known about unsubstantiated 9-1-1 calls that even Century's investigators had not fully verified months later.

Second. Century's scienter allegations are conclusory. The Amended Complaint states that Kaderka and TCIS "knew their representations regarding no prior assaults at the Property was false" (Doc. 27 at ¶ 52) but provides no factual basis for this assertion. Rule 9(b) requires more than "a simple allegation that a defendant had fraudulent intent." *Tuchman*, 14 F.3d at 1068. Century does not allege any facts showing how Kaderka or TCIS accessed or should have known about the 9-1-1 calls; what specific prior incidents they knew about when completing the Application; or any motive for making a false representation. Without such factual support, Century's scienter allegations fail to meet Rule 9(b)'s requirements.

Third, Century also fails to adequately allege justifiable reliance, another essential element of fraud. The Amended Complaint does not explain how Century relied on the "No" response in Question 5 when issuing the Policy, particularly since the Application was submitted by USG Insurance Services (the broker), not directly by TCIS or Kaderka. Doc. 27 ¶ 37; Doc. 28 at 1.

While Plaintiff counters that they are "permitted to generally allege [Defendants] state of mind", this interpretation does not fully articulate Fifth Circuit precedent.[1] Doc. 34 at 19. "While under Rule 9(b) scienter may be averred generally, nevertheless the plaintiff must allege facts that give rise to a strong inference of fraudulent intent." *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & ERISA Litig.)*, 761 F. Supp. 2d 504, 538 n. 28 (S.D. Tex. 2011); *see Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2009) ("[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally, simple allegations that a defendant possesses fraudulent intent will not satisfy Rule 9(b)"). Instead, the pleading standard requires more than mere allegations of fraudulent intent; a plaintiff must allege concrete facts that give rise to a plausible inference of fraud. *Omrazeti v. Aurora Bank FSB*, No. SA:12-CV-00730-DAE, 2013 U.S. Dist. LEXIS 88644, at *26-27 (W.D. Tex. June 25, 2013). Such facts may include evidence of the defendant's deliberate conduct, circumstantial indications of fraudulent intent, or a clear motive to deceive. *Id.* While Rule 9(b) allows scienter to be pleaded generally, this does not excuse plaintiffs

---

[1] Century's reliance on *Holt v. Ocwen Loan Servicing, LLC*, 2013 U.S. Dist. LEXIS 185313 (S.D. Tex. Dec. 12, 2013), to argue that it may "generally allege [Defendants'] state of mind" is unavailing because the cases are legally and factually distinguishable. Doc. 34 at 19. In *Holt*, the court permitted general allegations of malice in a defamation claim involving the Fair Credit Reporting Act (FCRA), reasoning that Rule 9(b) exempts mental state from heightened pleading and that proving intent early in litigation is inherently difficult. *Id.* at *8–*9. However, Century's claims for fraudulent and negligent misrepresentation are governed by Fifth Circuit precedent requiring more than conclusory assertions—Rule 9(b) demands "sufficient factual matter" to support a "strong inference" of fraudulent intent. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *see also Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (general allegations of intent must still be plausible). Unlike *Holt*, where the plaintiff alleged specific misconduct (e.g., failure to credit payments) tied to the defendant's knowledge, Century provided no facts showing Defendants knew the "No" answer in the application was false when made—such as evidence they possessed the 9-1-1 records or knew of actual assaults at submission. 2013 U.S. Dist. LEXIS 185313, at *3–*4, *see* Doc. 27 at ¶¶ 34–44. The Custard Report, generated months later, cannot retroactively create a "strong inference" of scienter. *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 743 (N.D. Tex. 2014)). Moreover, Century's failure to allege justifiable reliance or Defendants' breach of a duty to investigate underscores why *Holt*'s leniency does not apply.

from their obligation to ground fraud claims in specific, factual allegations rather than speculation or conclusory assertions. *Tuchman*, 14 F.3d at 1068 (internal quotation marks and citation omitted) *See Chatmon v. W. Tex. Counseling & Rehab.*, No. 3:14-CV-945-P, 2015 U.S. Dist. LEXIS 191543, at *12 (N.D. Tex. Dec. 1, 2015) (emphasizing this standard serves to prevent defendants from incurring unnecessary discovery costs for meritless claims) *see also Biliouris v. Sundance Res., Inc.,* 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008); and *Rivers & Hills Hosp. Grp., LLC v. GTB Rest. Texas, LLC,* No. A-19-CV-00519-SH, 2020 WL 129104, at *3 (W.D. Tex. Jan. 10, 2020).

Plaintiff's pleading fails to meet this threshold. To establish scienter adequately, Plaintiff was required to allege specific facts demonstrating: (1) Defendants' actual knowledge of the 9-1-1 call records at the time of application submission; and (2) their intentional misrepresentation of this knowledge in the insurance application. The mere existence of the Custard Report—generated five months post-application and containing unverified 9-1-1 call data—provides no factual basis to infer Defendants' knowledge or fraudulent intent at the relevant time. Critically, the Custard Report documents only unsubstantiated reports of potential criminal activity, not adjudicated incidents. Plaintiff's Amended Complaint conspicuously fails to allege either: (a) that any reported incidents were substantiated as of the application date; or (b) that Defendants possessed or should have possessed knowledge of these unverified reports when completing the application.

Having been granted leave to amend once already, Plaintiff failed to cure these deficiencies or present any evidence suggesting Defendants knew of the 9-1-1 calls when submitting the application. For these reasons, Century's fraudulent misrepresentation claim fails to satisfy Rule 9(b) and is **DISMISSSED WITH PREJUDICE.**

### C. Century's Negligent Misrepresentation Claim Also Fails

Defendants argue that Century's negligent misrepresentation claim fails because it is based on the same factual allegations as the fraud claim and suffers from the same deficiencies. The Court agrees.

Under Texas law, a plaintiff asserting negligent misrepresentation must prove: (1) a false representation made during business; (2) the defendant's failure to exercise reasonable care in communicating the information; (3) justifiable reliance by the plaintiff; and (4) resulting pecuniary loss. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *See Matter of Life Partners Holdings, Inc.,* 926 F.3d 103, 123 (5th Cir. 2019) (for a negligent misrepresentation claim the plaintiff must allege, inter alia, that the defendant "supplie[d] false information for the guidance of others in their business"). When fraud and negligent misrepresentation claims are based on the same set of alleged facts, the Fifth Circuit applies Rule 9(b)'s heightened pleading standard to both claims. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010) (quoting *Benchmark Elecs., Inc. v. I.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)); *see Berry v. Indianapolis Life Ins. Co.,* No. 3:08-cv-248-B, 2011 U.S. Dist. LEXIS 89414, 2011 WL 3555869, at *7 (N.D. Tex. Aug. 11, 2011) (Boyle, J.) (finding fraud and negligent misrepresentation claims should be evaluated together when they are based on the same set of operative facts); *Borsellino v. Goldman Sachs Grp.,* 477 F.3d 502, 507 (11th Cir. 2007) ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements").

Here, Century's negligent misrepresentation claim mirrors its fraud claim and fails for the same reasons. Both claims rely on the exact same alleged conduct—the "no" answer to Question 5 in the Application*. Compare* Doc. 27 at ¶¶ 34-44 (fraud) with *id.* at ¶¶ 45-57 (negligent

misrepresentation). The only difference is the mental state alleged (knowing vs. negligent), but Century pleads no facts supporting either. Texas courts routinely dismiss such duplicative claims. *See, e.g., Anderson v. Durant*, 550 S.W.3d 605, 618-19 (Tex. 2018) (rejecting negligent misrepresentation claim that "mirrored" fraud claim without distinct factual basis).

Furthermore, the amended Complaint lacks factual allegations showing how TCIS or Kaderka failed to exercise reasonable care in completing the Application. Doc. 27 at ¶¶ 45-57. There are no facts alleging what investigation TCIS should have conducted but didn't, what sources of information were reasonably available to verify assault history, or how the process TCIS used fell below industry standards. Conclusory assertions that Defendants failed to exercise reasonable care are insufficient under *Twombly*. 550 U.S. at 555. Doc. 27 ¶ 47.

Like with the previous claims, Century has already had an opportunity to amend their negligent misrepresentation claims once. As was the case previously, Century's negligent misrepresentation claim fails as a matter of law. Century's negligent misrepresentation claim is therefore **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 32) in its entirety. All of Century's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed at Houston, Texas on July 15, 2025.

_____
Keith P. Ellison
United States District Judge